IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED GOVERNMENT SECURITY OFFICERS OF AMERICA, INTERNATIONAL UNION, and its LOCAL UNION 53,

        Plaintiffs,

v.                     No. CIV 09-25 BB/ACT

AKAL SECURITY, INC.,

        Defendant.

MEMORANDUM OPINION
AND
ORDER DENYING CHANGE OF VENUE

THIS MATTER is before the Court on *Defendant's Motion to Transfer Venue* [Doc. 4]. The Court having considered all the submissions of counsel, finds Defendant has failed to carry its burden under 28 U.S.C. § 1404, and the motion therefore must be Denied.

*Discussion*

I.     Factual Background

Defendant, Akal Security, Inc., is the largest provider of contracted security service for the federal judiciary in the United States. Through its contract with the United States Marshals Service ("USMS"), Akal protects federal courthouses in 40

states, including both New Mexico and Colorado.  Akal's principal place of business is Espanola, New Mexico.

Plaintiff, United Government Security Officers of America ("UGSOA"), has its principal place of business and its staff in Westminister, Colorado.  Its local, Union 53, is also located in Colorado (hereinafter collectively "the Unions").

The Unions filed their complaint on January 12, 2009, and seek to compel arbitration of a grievance (Grievance No. 53-2008-1), which concerns the USMS-directed removal of an Akal employee, Sue Anne Michaels.  Michaels is a Court Security Officer who works for Akal on behalf of Akal's client, the USMS.  Michaels was assigned to the Alfred A. Arraj United States Courthouse in Denver, Colorado, during the relevant time period.

Somewhat ironically, the New Mexico-based Akal seeks to transfer this action to the United States District Court for the District of Colorado, and the Colorado-based Union seeks to prevent this.  The sole controversy in this case concerns the substantive arbitrability of the Michaels grievance.

II.     **Standards for Transfer under 28 U.S.C. § 1404(2)**

The Tenth Circuit has identified the following factors as frequently relevant in determining whether a transfer is appropriate under § 1404(a):

> [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative

> **advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.**

*Bailey v. Union Pacific R. Co.*, 364 F. Supp. 2d 1227, 1229-30 (D. Colo. 2005) (quoting *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1516 (10th Cir. 1991)). The party seeking transfer has the burden of proving that the existing forum is inconvenient. *Headrick v. Atchison, Topeka & Santa Fe Ry. Co.*, 182 F.2d 305, 310 (10th Cir. 1950); *Four Corners Nephrology Assocs., P.C. v. Mercy Med. Ctr. of Durango*, 464 F. Supp. 2d 1095 (D. Colo. 2006). The district court is to evaluate the pros and cons of transfer and then exercise its discretion. *Stewart Org. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988); *Metropolitan Parking Co. v. International Union of Operating Engineers*, 439 F.2d 300, 305 (10th Cir. 1971).

Initially, the Court notes there are no issues of local law or the enforceability of any judgment. Nor does the availability of compulsory process seem to be contested. Defendant argues that venue would be more convenient in Colorado based on the location of the business offices both of the Unions, the physical presence of the grievant and other alleged witnesses in Colorado, and the fact the District of Colorado has a civil case disposition rate approximately two months faster than the District of New Mexico.

However, Defendant ignores the fact that Defendant itself maintains its corporate headquarters in Espanola, New Mexico, at which it allegedly maintains all of the

documents related to these matters and where the personnel involved in making decisions regarding the grievance and its arbitrability reside. Indeed, the pertinent facts related to the issue presented in this case all apparently took place in New Mexico. (Dove Aff. ¶ 4). In turn, UGSOA's correspondence regarding the grievance and the arbitration of it were sent to Akal's designated employees working at its corporate headquarters in New Mexico. (Dove Aff. ¶¶ 3-4). Furthermore, all communications and/or correspondence regarding the grievance and/or its arbitration from Akal came from the corporate headquarters in New Mexico. *Id.*

A plaintiff's choice of forum should rarely be disturbed unless the defendant tips the balance by clear and convincing evidence. *Texas Eastern Transmission Corp. v. Marine Office-Appleton & Cox Corp.*, 579 F.2d 561, 568 (10th Cir. 1978); *Houston Fearless Corp. v. Teter*, 318 F.2d 822 (10th Cir. 1963); *Headrick*, 182 F.2d at 310. Defendant has failed to carry its burden to so tip the balance.

## O R D E R

For the above stated reasons, *Defendant's Motion to Transfer Venue* is DENIED.

SO ORDERED this 10th day of April, 2009.

                                                              _____
                                                              **BRUCE D. BLACK**
                                                              **United States District Judge**

4