IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

UNITED GOVERNMENT SECURITY
OFFICERS OF AMERICA,
INTERNATIONAL UNION AND ITS LOCAL
UNION NO. 53,

        Plaintiffs,

v.                                                                    No. CIV 09-25 BB/ACT

AKAL SECURITY INC.,

        Defendant.

MEMORANDUM OPINION
AND
ORDER DENYING PLAINTIFFS' MOTION TO DISMISS COUNTERCLAIM

        THIS MATTER is before the Court on *Plaintiffs' Motion to Dismiss Defendant's Counterclaim Pursuant to F.R.C.P. 12(b)(6)* [Doc. 15], and the Court having considered the submissions of counsel, finds the motion lacks legal merit and it will be Denied.

*Facts*

        Plaintiffs' filed their Complaint for breach of collective bargaining agreement and to compel arbitration, or in the alternative, for declaratory relief in this Court on January 12, 2009. Plaintiffs allege that the parties are signatories to a collective bargaining agreement ("CBA"). Plaintiffs further allege that a grievance was filed regarding the unpaid suspension of an employee and that Defendant has refused to

proceed with the grievance.  Plaintiffs therefore brought their claims in this Court for breach of contract and for declaratory relief under § 301 of the Labor Management Relations Act of 1947 (29 U.S.C. § 185).

On February 5, 2009, Defendant filed its Answer to Plaintiffs' complaint and its counterclaim for declaratory judgment.  In its counterclaim, Defendant asserts that the same grievance referenced in the complaint is not arbitrable under the applicable provisions of the parties' CBA.

### *Issue*

Plaintiffs contend that since Defendant's counterclaim seeks a declaratory judgment regarding the same issues that were raised by Plaintiffs in their complaint, Defendant's counterclaim is not proper and must be dismissed.

### *Discussion*

Declaratory judgment is an appropriate procedure to determine whether a particular question is subject to arbitration under a labor agreement.  *United Steelworkers of America (AFL-CIO) v. New Park Mining Co.*, 273 F.2d 352, 358 (10th Cir. 1959); *International Longshoremen's Ass'n AFL-CIO v. Boston Shipping Ass'n*, 386 F.2d 95, 96 (1st Cir. 1967).  A counterclaim for a declaratory judgment is permissible if the basic prerequisites for a declaratory judgment are met.  *MedImmune, Inc. v. Genentech, Inc.*, 549 U.S. 118, 130 (2007).

Plaintiffs argue a counterclaim that is redundant because it raises identical legal issues to Plaintiffs' claim should be dismissed.  *See, e.g., Mille Lacs Band v. State of Minn.*, 152 F.R.D. 580 (D. Minn. 1993) (denying amendment to answer to seek declaratory judgment as redundant).  However, this ignores the requirement of FEDERAL RULE OF CIVIL PROCEDURE 13 which requires a compulsory counterclaim arise "out of the same transaction or occurrence that is the subject matter of the opposing party's claim."  *Cochrane v. Iowa Beef Processors Inc.*, 596 F.2d 254, 264 (8th Cir. 1979) (it is the same transaction if same evidence would support or refute plaintiff's claims); *Blue v. Fremont Inv. & Loan*, 562 F. Supp. 2d 33, 41 (D.D.C. 2008) (same).  Plaintiffs' interpretation would bar all such counterclaims.  However, counterclaims seeking declaratory judgment on the underlying transaction are routinely permitted. *MRSI Int'l, Inc. v. Bluespan, Inc.*, 2006 WL 2711791 (D. Utah); *Watkins v. United States*, 462 F. Supp. 980, 989 (S.D. Ga. 1977); *Plains Ins. Co. v. Sandoval*, 35 F.R.D. 293, 295-96 (D. Colo. 1964).  In this case the counterclaim arises out of the original transaction which is the subject of Plaintiffs' claim and is therefore legally appropriate.

## O R D E R

For the above stated reasons, Plaintiffs' Motion is DENIED.

3

**SO ORDERED** this 29th day of April, 2009.

_____
**BRUCE D. BLACK**
**United States District Judge**