IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO
_____

**UNITED GOVERNMENT SECURITY**
**OFFICERS OF AMERICA,**
**INTERNATIONAL UNION, and its**
**Local Union 53**

      Plaintiff,

          v.                                                    No. 09-CV-0025 BB/ACT

**AKAL SECURITY, INC.,**

      Defendant.

## MEMORANDUM OPINION

      This MATTER comes before the Court on a motion for summary judgment [Doc. # 33] by the plaintiffs, United Government Security Officers of America (hereinafter "UGSOA" or "the union"). This case was initially filed as a breach of contract action and demand for arbitration by UGSOA. [Doc. # 1]. However, the defendant, Akal Security, Incorporated, (hereinafter "Akal") filed a counterclaim seeking a declaratory judgment that such claims were not arbitrable under the governing contract. [Doc. # 10]. In response, Plaintiff withdrew its demand for arbitration and argues, on the theory that Akal's counterclaim is now moot, that a declaratory judgment would be inappropriate. After reviewing the parties' submissions and the

relevant law, the Court agrees and concludes that Plaintiff's summary-judgment motion [Doc. # 33] should be GRANTED.[1]

## STANDARD FOR REVIEWING MOTIONS FOR SUMMARY JUDGMENT

Federal Rule of Civil Procedure 56 governs summary-judgment motions. Summary judgment is not "a disfavored procedural shortcut but rather [it is] an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy, and inexpensive determination of every action.'" *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting FED. R. CIV. P. 1). Summary judgment is appropriate if the evidence submitted by the parties shows "that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c)). In evaluating a motion for summary judgment, the Court views the evidence in the light most favorable to the non-moving party—Akal in this case. *See T-Mobile Cent., LLC v. Unified Gov't of Wyandotte County*, 546 F.3d 1299, 1306 (10th Cir. 2008) (citing *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007)). But a mere scintilla of evidence supporting the non-moving party's theory does not create a genuine issue of material fact. *Anderson v. Coors Brewing Co.*, 181 F.3d 1171, 1175 (10th Cir. 1999).

## FACTUAL AND PROCEDURAL BACKGROUND

UGSOA is a labor union representing Akal employees. Def.'s Resp. [Doc. # 37 at 2]. Akal provides court security officers (hereinafter "CSOs") to guard federal buildings throughout the United States. *Id.* These CSOs must be credentialed by the U.S. Marshal Service before entering service protecting courthouses. *See* Gunn Aff. [Doc. 37-3 at 3]. UGSOA and Akal are

---

[1] Akal also filed a motion for joinder and for leave to amend its answer and counterclaim. [Doc. # 26]. However, Judge Herrera had already dismissed the claims that Akal wishes to merge into this case. *See* Order [Doc. # 37-9]. As a result, and because Akal's counterclaim is hereby DENIED as moot, its motion [Doc. # 26] is also DENIED.

parties to a collective bargaining agreement (hereinafter "CBA").  Def.'s Resp. [Doc. # 37 at 2-3].  Among other things, the CBA governs the terms and conditions of employment for CSOs who are Akal employees and members of the union.  Pl.'s Mot. [Doc. # 33 at 4].

One such CSO, who was assigned to protect a United States courthouse in Denver, is Sue Anne Michaels.  *Id.*  In 2008, the U.S. Marshal Service stripped Ms. Michaels of her credentials, and she filed a charge of discrimination with the Colorado Civil Rights Division.  *See* Charge of Discrimination [Doc. # 37-6, Exh. A-4].

In addition, the union filed a complaint on Ms. Michaels' behalf in this Court seeking to compel arbitration under the grievance provision of the CBA.  Pl.'s Mot. [Doc. # 33 at 2]; *see also* CBA Art. 3 (Doc. # 37-4 at 3).  In response, Akal filed an answer and a counterclaim seeking a judgment declaring that, under the CBA, removals by the U.S. Marshal Service are non-arbitrable.  Def.'s Resp. [Doc. # 37 at 2].

At that point, Ms. Michaels opted not to pursue arbitration.  Instead, she filed a lawsuit in a Colorado court alleging discrimination.  Pl.'s Mot. [Doc. # 33 at 2].  As a consequence, the union withdrew her grievance and demand for arbitration and filed a summary-judgment motion seeking dismissal of Defendant's request for a declaratory judgment.  *See* Letter [Doc. # 37-10]; *see also* Pl.'s Mot. [Doc. # 33].  This opinion responds to that summary-judgment motion.

## DISCUSSION

I. Because The Union No Longer Seeks to Compel Arbitration, a Declaratory Judgment is Not Appropriate

Plaintiff's motion presents the threshold issue of whether its withdrawal of Ms. Michaels' grievance and demand for arbitration renders moot Akal's counterclaim requesting a declaratory judgment.  The Court finds that it does.

A constitutional prerequisite to federal court jurisdiction is the existence of a viable case or controversy. *Chihuahan Grasslands Alliance v. Kempthorne*, 545 F.3d 884, 891 (10th Cir. 2008). Indeed, a party seeking a declaratory judgment must first show that its request arises out of an ongoing dispute. *See Unified Sch. Dist. v. Disability Rights Ctr. of Kansas*, 491 F.3d 1143, 1147 (10th Cir. 2007) (holding that a declaratory judgment is only proper when it settles some dispute the resolution of which would affect the real-world behavior of the parties); *see also Kunkel v. Cont'l Cas. Co.*, 866 F.2d 1269, 1273 (10th Cir. 1989) ("a declaratory judgment plaintiff must present the court with . . . an actual controversy") (internal quotations omitted).[2]

Moreover, the Declaratory Judgment Act, 28 U.S.C. § 2201, the statute under which Akal seeks relief, grants wide discretion to trial courts regarding declaratory judgments. *See Surefoot LC v. Surefoot Corp.*, 531 F.3d 1236, 1240 (10th Cir. 2008) ("The Declaratory Judgment Act was an authorization, not a command. It gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so."); *see also ARW Exploration Corp. v. Aguirre*, 947 F.2d 450, 453-54 (10th Cir. 1991) ("The district court's decision [on a declaratory judgment] will not be overturned absent a clear abuse of discretion.").

With these legal principles in mind, the Court applies the facts of this case. First, ample evidence exists to show that the union has withdrawn its grievance and demand for arbitration on

---

[2]Akal argues that the union's allegedly wrongful behavior falls into an exception to the mootness doctrine—those cases that are "capable of repetition, yet evading review." That exception only applies, however, in extraordinary situations when the following prerequisites are met: (1) the duration of the challenged action must be too short to be fully litigated prior to its cessation or expiration; and (2) there must be a reasonable expectation that the same complaining party will be subjected to the same action again. *Unified Sch. Dist.*, *supra*, at 1147.

The facts of this case do not satisfy the first element. The union's motion to compel arbitration had no inherent duration, the sole reason for its expiration was Ms. Michaels' decision to pursue her claims elsewhere. Were a different union member to insist on arbitrating her employment dispute, there is no reason to believe such a demand would cease to exist before it could be litigated.

behalf of Ms. Michaels.  *See* Letter [Doc. # 37-10, Exh. A-8].[3]  This being so, the very dispute which gave rise to Defendant's counterclaim is no longer ongoing.  Second, the union has withdrawn its other known pending grievances and demands for arbitration—those involving CSO Phillips.  *See* Pl.'s Resp to Court's Order [Doc. # 43 at 1] ("The UGSOA has not initiated any action to compel arbitration . . . and has closed its files regarding the same").[4]

Under such circumstances, issuing the declaratory judgment Defendant seeks would have no real-world effect.  On the contrary, since Plaintiff no longer wishes to pursue Ms. Michaels' demand for arbitration, and because none is pending, a declaration on the arbitrability of this class of disputes would be purely advisory.  A more appropriate lawsuit in which to decide the substantive contractual issue is one, should it ever arise, in which the union refuses to rescind a

---

[3]In its response to the union's summary-judgment motion, Akal requests a continuance to engage in further discovery concerning the veracity of the union's claim that it withdrew Ms. Michaels' grievance and demand for arbitration. Def.'s Resp. (Doc. 3 37 at 15).  Because the union submitted evidence that it withdrew the grievance, the doctrine of judicial estoppel would appear to prevent it from arguing otherwise if the Court rules in its favor based on that representation.  *E.g. United States v. Villagrana-Flores*, 467 F.3d 1269, 1278 (10th Cir. 2006) ( "where a party assumes a certain position in a legal proceeding, and succeeds in maintaining that position, he may not thereafter, simply because his interests have changed, assume a contrary position") (internal quotation marks omitted).  The Court thus finds that further discovery on that matter would be surplusage, and Akal's request should be DENIED.  By the same token, the union's motion to stay discovery [Doc. # 40] is also moot; and that, too, should be DENIED.

[4]The Court acknowledges Defendant's argument—that the timing of the union's withdrawal of its grievance in regard to CSO Phillips was manipulative.  Be that as it may, such behavior does not warrant judicial intervention, because to assume the union will move to compel arbitration again would be speculation.  *See Lawrence v. Kuenhold*, 2008 WL 822458 at *3 (10th Cir. 2008) (unpublished) ("A declaratory judgment is meant to define the legal rights and obligations of the parties in anticipation of some future conduct, not simply to proclaim liability for a past act.") (citing *Utah Animal Rights Coal. v. Salt Lake City Corp.*, 371 F.3d 1248, 1266 (10th Cir. 2004) (McConnell, J., concurring)); *see also Beattie v. United States*, 949 F.2d 1092, 1094 (10th Cir. 1991) (whether a court should entertain a request for a declaratory judgment depends on whether the facts alleged show "that there is a substantial controversy of sufficient immediacy and reality.").  However, a declaratory judgment would become increasingly appropriate if the union subsequently filed motions seeking to compel arbitration only to withdraw them.

motion seeking to compel arbitration under the CBA.  Only then will a court have sufficiently vigorous arguments on each side.  *Cf. Equity Lifestyle Props. v. City of Albuquerque*, 2008 WL 619188 *slip op.* at *2 (D.N.M. 2008) (The mootness doctrine "insures that courts exercise their power only in cases where true adversary context allows informed judicial resolution.") (quoting *Wiley v. Nat'l Collegiate Athletic Ass'n*, 612 F.2d 473, 475 (10th Cir. 1979)).  Hence, without a live controversy, the Court is not inclined to make a declaration on the grievance provision.  As a result, Plaintiff's summary-judgment motion will be GRANTED.

## CONCLUSION

In sum, because the union has withdrawn its grievance and demand for arbitration, the motion to compel arbitration is moot.  Accordingly, the Court exercises its discretion and denies Akal's request for declaratory judgment.  The summary-judgment motion [Doc. # 33] will thus be GRANTED.

BRUCE D. BLACK
United States District Judge